UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**MALVIA M. FRECKLETON**,                                    :
                                                             :
                    Plaintiff,                     :
                                                             :   **MEMORANDUM DECISION AND**
          – against –                                 :   **ORDER**
                                                             :
                                                             :   21-CV-4615 (AMD) (LB)
**AMBULNZ NY LLC**,                                          :
                                                             :
                    Defendant.                     :
                                                             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      On August 16, 2021, the plaintiff brought this *pro se* action alleging employment discrimination and retaliation by her former employee, Ambulnz NY LLC.  (ECF No. 1.)  Before the Court is the defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 18.)  For the reasons that follow, the defendant's motion is granted in part and denied in part.

## BACKGROUND

      A court reviewing a motion to dismiss pursuant to Rule 12(b)(6) must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  Although a court at the motion to dismiss stage "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference," *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002), a court may consider materials not referenced or incorporated in the complaint that the "plaintiff[] had either in [her] possession or had knowledge of," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), and are "integral to the complaint," meaning that the plaintiff "relies

heavily" on them when drafting the complaint. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006). In addition, because a *pro se* plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a *pro se* opposition brief, as long as the allegations are consistent with the complaint. *See, e.g.*, *Braxton v. Nichols*, No. 08-CV-8568, 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010).

Both the plaintiff and the defendant submit materials outside of the pleadings. (*See* ECF Nos. 18-1–6; ECF No. 21; ECF Nos. 27-2–5; ECF Nos. 28-1–3.) The parties attach two complaints that the plaintiff filed with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC"), and the NYSDHR's orders dismissing those complaints. (*See* ECF Nos. 18-2–6; ECF No. 27-2.) I consider the plaintiff's NYSDHR filings and the state agency's corresponding orders because the plaintiff relied on them to bring this lawsuit and they are incorporated by reference into the complaint. *See Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 204 (E.D.N.Y. 2006) ("Courts in this Circuit have repeatedly held that when EEOC charges are expressly referred to in the pleading, they may be considered incorporated by reference." (quoting *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001))); *e.g.*, *Clarke v. N.Y.C. Dep't of Educ.*, No. 18-CV-6783, 2021 WL 123358, at *4 (E.D.N.Y. Jan. 13, 2021) (treating NYSDHR complaint and NYSDHR order as incorporated by reference into the plaintiff's pleadings, and considering them on a Rule 12(b)(6) motion).

Along with her memorandum of law, the plaintiff also submits an affirmation and numerous attachments totaling more than 300 pages, which include information that is unrelated to the complaint and beyond what the Court can consider on a motion to dismiss; most of the

2

information has nothing to do with the complaint.[1]  The Court has not considered this information, except for factual allegations in the plaintiff's memorandum and affirmation (*see* ECF Nos. 27, 27-1), that clarify allegations in the plaintiff's original complaint.  *Cf. Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering a *pro se* plaintiff's affidavit in opposition to a motion to dismiss in addition to those in the complaint).[2]

Accordingly, the facts summarized below are drawn from the complaint, the plaintiff's relevant NYSDHR filings and the plaintiff's memorandum and affirmation, only to the extent that they are consistent with the complaint.

This case arises from the plaintiff's employment as an emergency medical technician ("EMT") by Ambulnz from March 2019 until she was terminated in September 2019.  (ECF No. 1 at 4-5; ECF No. 27 at 1, 2.)[3]  The plaintiff, a 49 year-old African American woman who suffers from anxiety, claims that she was subjected to discrimination and retaliation because of her race, gender, age and disability.  (ECF No. 1 at 4-5.)

According to the plaintiff, "98% [of] male employees harassed her," creating a "hostile environment."  (*Id.* at 5.)  She describes an incident in which a co-worker "let out" oxygen from a tank and told her to put a patient on an empty oxygen tank.  (*Id.*; *see also* ECF No. 27-1 at 2.)  She alleges that the defendant fired and rehired her, cut her hours "drastically," and docked her

---

[1] The bulk of the plaintiff's submission is hundreds of pages of supposedly transcribed conversations with various Ambulnz employees.

[2] After the plaintiff filed a document with allegations that have nothing to do with this case (ECF No. 30), I warned her that similar filings would be stricken from the docket.  Nevertheless, she continued to file similar letters.  (ECF Nos. 40, 44-46.)  In an order dated May 25, 2022, I struck these filings, and advised the plaintiff that two letters (ECF Nos. 36, 37) would not be stricken but that I would not consider them in ruling on this motion because they concerned a complaint against a police officer, and were irrelevant to her claims in this case.

[3] The plaintiff says in her opposition that the defendant "terminate[d]" her on September 27, 2019, but says in another part of the brief that the defendant "forced" her to quit.  (ECF No. 27 at 1, 6.)

3

pay for a week after she "complain[ed] about a male employee, who refuse[d] to give [her] direction from the PCR to travel to a patient who needed help." (ECF No. 1 at 5.) The defendant moved her temporarily to a "medical biller" position that paid $15 an hour, which she claims was less than what other co-workers received in the same job. (*Id.*; ECF No. 27 at 3.)[4]

According to the plaintiff, "no one did anything while [her] anxiety escalated." (ECF No. 1 at 5.) She further alleges that the defendant "brought" her to its Manhattan office, where she "became anxious" because the defendant's lawyers "intimidate[d] [her]" and because of the "hostile environment." (*Id.*) She told the lawyer and her supervisor that she could not work in that environment and "was not reporting back to work." (*Id.*) At that point, she says she was terminated. (*Id.*)

The plaintiff filed complaints with the NYSDHR and EEOC on August 16, 2019 and October 17, 2019. (ECF No. 1 at 6; ECF No. 18-2; ECF No. 18-3.) Her first complaint alleged discrimination based on age, race and conviction record, and that the defendant retaliated against her when it "suspended" her and reduced her hours, among other acts. (ECF No. 18-2 at 4.) The second complaint alleged retaliation: that she was fired from the company and paid a lower salary than other co-workers after she "filed a complaint" against the defendant. (ECF No. 18-3 at 4.) The NYSDHR investigated the charges and dismissed them in written orders on January 14, 2020 and July 28, 2020. (ECF Nos. 18-4–5.) On May 24, 2021, the EEOC issued the plaintiff a right to sue letter. (ECF No. 1 at 6, 8-11.)

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

---

[4] The plaintiff says that the role of a medical biller involves "different and more difficult job responsibilities." (ECF 27-1 at 3.)

4

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations and citations omitted). In a discrimination action, the plaintiff must allege sufficient non-conclusory facts to "nudge" his claim "across the line from conceivable to plausible." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (quoting *Twombly*, 550 U.S. at 570).

Because the plaintiff is proceeding *pro se*, I construe her complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Her claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (internal quotation marks and citations omitted).

## DISCUSSION

I liberally construe the complaint as asserting discrimination and retaliation claims in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34, as well as a claim under the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206, *et seq*.

I.      **Exhaustion of Administrative Remedies**

The defendant argues that the plaintiff's gender-based Title VII discrimination claim and her ADA claim must be dismissed because the plaintiff did not include these claims in her NYSDHR complaints.  (ECF 18-6 at 6-9.)

A plaintiff raising federal claims under Title VII or the ADA must file a charge with an administrative body within 300 days of her termination.  *See McPartlan-Hurson v. Westchester Cmty. Coll.*, 804 F. App'x 41, 43 (2d Cir. 2020) (citing 42 U.S.C. §§ 2000e-5(e)(1) and 12117(a))).  "Exhaustion of administrative remedies through the EEOC is . . . a precondition to bringing such claims in federal court."  *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (citation omitted).

In this circuit, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency."  *Shah v. N.Y. State Dep't of Civil Servs.*, 168 F.3d 610, 614 (2d Cir. 1999) (citations omitted).  An unexhausted claim is considered "reasonably related to those filed in an EEOC complaint, and thus considered exhausted for purposes of a Title VII or ADA lawsuit, if the claim (1) "would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination;" (2) "it alleges retaliation for filing the EEOC charge;" or (3) "the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."  *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) (quoting *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002)).  In evaluating whether a claim is "reasonably related," "the court must look beyond the four corners of the . . . charge" and assess the factual allegations underlying the plaintiff's claims, keeping in mind that it is the substance of the charge and not its label that controls."  *Foxworth v. Am. Bible*

6

*Soc.*, No. 03-CV-3005, 2005 WL 1837504, at *10 (S.D.N.Y. July 28, 2005) (internal quotation marks and citation omitted), *aff'd sub nom.*, 180 F. App'x 294 (2d Cir. 2006).

In this case, the plaintiff timely filed two complaints with the NYSDHR and EEOC on August 16, 2019 and October 17, 2019, and obtained a right to sue letter. She checked "age," "race," and "conviction of record" as the bases for the alleged discrimination, leaving the boxes for "gender" and "disability" discrimination unmarked. (ECF No. 18-2 at 4; ECF No. 18-3 at 4.) Nonetheless, the plaintiff alleged in the first charge that someone at the company "sexually harassed or intimidated [her]." (ECF No. 18-2 at 4.) In addition, the plaintiff attached a narrative report in which she described an incident with a male co-worker at work and complained that she was "targeted by the male at Ambulnz." (*Id.* at 42.) In the plaintiff's complaint before this Court, she claims that "98% [of] male employees" harassed her. (ECF No. 1 at 5.) Giving the plaintiff the benefit of the doubt, I find that her sex discrimination claim is "reasonably related" to the original EEOC charges, since the record supports that it would "fall within the reasonably expected scope of an EEOC investigation." *Soules*, 882 F.3d at 57. The statements in her EEOC filings about sexual harassment would give the EEOC reasonable notice that "another type of discrimination claim lurks in the background[.]" *Cf. Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998). Accordingly, I find that the plaintiff's Title VII gender claim is reasonably related to the underlying administrative complaints, and considered exhausted for purposes of this action.[5]

By contrast, the plaintiff's NYSDHR complaints did not allege discrimination based on disability. *See Chinn v. City Univ. of N.Y. Sch. of L. at Queens Coll.*, 963 F. Supp. 218, 223-24 (E.D.N.Y. 1997) ("The 'reasonable relatedness' test is not satisfied by the improbable possibility

---

[5] Nevertheless, for the reasons discussed below, I dismiss the plaintiff's sex discrimination claim for failure to state a claim.

7

that the EEOC could have stumbled into a new universe of allegations that the plaintiff alleges for the first time in his complaint."). Accordingly, the plaintiff did not exhaust her administrative remedies with respect to her disability discrimination claim, and her federal ADA claim must be dismissed. *See, e.g.*, *Gertskis v. U.S. E.E.O.C.*, No. 11-CV-5830, 2013 WL 1148924, at *8 (S.D.N.Y. Mar. 20, 2013) (dismissing race and age discrimination claims as unexhausted where the plaintiff's EEOC charge said "nothing about" them), *aff'd sub nom.*, 594 F. App'x 719 (2d Cir. 2014).[6]

## II.   Gender and Race Discrimination under Title VII

Title VII prohibits an employer from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Discrimination claims under Title VII are subject to the three-step burden-shifting analysis articulated by the Supreme Court in *McDonnell-Douglas Corp v. Green*, 411 U.S. 792 (1973). *See Barella v. Vill. of Freeport*, 16 F. Supp. 3d 144, 158 (E.D.N.Y. 2014) (collecting cases). At the pleading stage, however, the "plaintiff does not need to prove discrimination or even allege facts establishing every element of the *McDonnell-Douglas prima facie* case." *Richard v. N.Y.C. Dep't of Educ.*, No. 16-CV-957, 2017 WL 1232498, at *6 (E.D.N.Y. Mar. 31, 2017). Instead, she need only "plead facts sufficient to give plausible support" to meet a "minimal initial burden." *Id.* (internal quotation marks and citations omitted).

Thus, to state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or

---

[6] Because I dismiss the plaintiff's discrimination claim under the ADA as administratively unexhausted, I do not reach the defendant's argument in the alternative that the plaintiff has not sufficiently alleged an ADA discrimination claim. (ECF No. 18-6 at 15-16.)

national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015). To survive a motion to dismiss, the complaint must "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311. "An inference of discrimination can arise from . . . the employer's criticism of the plaintiff's performance in [] degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group . . . ." *Id*. at 312 (internal quotation marks omitted).

In the context of a discrimination claim, an adverse employment action is "a materially adverse change in the terms and conditions of employment," which "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 207 (2d Cir. 2006) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004)). Examples include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (internal quotation marks and citations omitted).

The complaint alleges the following adverse employment actions: that the defendant "fired [her] and rehired [her]" (ECF No. 1 at 5); "cut" her hours "drastically" (*id.*); "transferred" her to different jobs within the company, including to a medical billing position that had lower pay and more difficult responsibilities (*id.*; *see also* ECF No. 27 at 3; ECF No. 27-1 at 3); did not pay her for a week (ECF No. 1 at 5); and terminated her (*id.*). In her opposition to the defendant's motion, the plaintiff also alleges that the defendant did not hire her for a Philadelphia-based operation management position. (ECF No. 27 at 6.)

9

Assuming without deciding that these actions were adverse employment actions,[7] the plaintiff has not pled sufficient facts to support an inference that the defendant was motivated by gender.  The plaintiff alleges that "98% [of] male employees harassed [her]" (ECF No. 1 at 5), "there is a conduct of hostility towards a gender which demonstrate the plaintiff is a female" (ECF No. 27-1 at 9), "male co-workers treated [her] differently by bullying, intimidating, and sabotaging" her (*id.* at 4), and the defendant's adverse actions against are "because of sex (male coworkers)."  (ECF No. 27 at 6.)  These allegations are conclusory and insufficient, even giving the plaintiff the special solicitude that is due *pro se* litigants.  *See, e.g.*, *Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (allegations that the plaintiff's supervisor "made him feel like a 'lackey'" and that "he was discriminated against because" of a protected characteristic were "conclusory" and did not adequately plead discriminatory intent); *Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 463 (S.D.N.Y. 2007) ("A complaint consisting only of assertions, setting forth no specific facts upon which a court could find a plausible violation of Title VII, must be dismissed for failure to state a claim under Rule 12(b)(6).").

Although the plaintiff alleges that the defendant paid her less than "male Caucasians/white coworkers" (ECF No. 27-1 at 9), that claim does not raise an inference of discrimination based on either sex or race.  Similarly deficient is her allegation that she was "paid less and given less hours than male co-worker Joshua Porrass for identical work under identical conditions."  (*Id.* at 4.)  The plaintiff does not allege, as she must, that she was "similarly situated in all material respects to the individuals with whom she seeks to compare herself."  *Humphries v. City Univ. of N.Y.*, No. 13-CV-2641, 2013 WL 6196561, at *6 (S.D.N.Y. Nov. 26, 2013) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)) (holding

---

[7] The defendant does not address whether the plaintiff has sufficiently alleged adverse employment action for purposes of Title VII discrimination.

that the plaintiff did not adequately plead that the defendant discriminated against her by paying her less, where she did not allege any facts about her counterpart's "relevant experience and/or length of employment," "job responsibilities," or "qualifications"); *cf. Ortiz v. Montefiore Hosp.*, No. 18-CV-4857, 2019 WL 1903366, at *3 (E.D.N.Y. Apr. 29, 2019) (allegations that the defendant "favored" the plaintiff's coworkers and was "motivated" by "racial animus against Hispanic females" were insufficient to create inference of race discrimination).[8]

The complaint does not allege anything more to show that the defendant discriminated against the plaintiff based on race, "apart from checking off the box indicating such discrimination at the beginning of the complaint." *Roth v. Farmingdale Pub. Sch. Dist.*, No. 14-CV-6668, 2016 WL 767986, at *6 (E.D.N.Y. Feb. 26, 2016) (collecting cases); *Ramos v. N.Y.C. Dep't of Corr.*, No. 05-CV-223, 2006 WL 1120631, at *7 (E.D.N.Y. Apr. 26, 2006) (dismissing Title VII claim because "[n]otwithstanding the liberal pleading standard in Title VII cases (especially for *pro se* litigants), the complaint as written does not describe any factual allegations to support the vague and conclusory assertion that the treatment he received by [his former employer] was a result of his race").

Thus, the plaintiff's Title VII gender and race discrimination claims are dismissed.

## III.    Age Discrimination under the ADEA

The ADEA prohibits an employer from discriminating against "any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such

---

[8] The plaintiff also alleges that the defendant did not promote her "because [she is] an African American female and over the age of forty (40)," and instead gave the position to "a white male who is less qualified." (ECF No. 27-1 at 4.)  But the plaintiff has not alleged "any concrete facts regarding the training, qualifications, or abilities of" the other employee; her speculation, without more, that he was "less qualified" is insufficient to raise an inference of discrimination.  *See Humphries*, 2013 WL 6196561, at *7 (quoting *Sharpe v. MCI Commc'ns Servs., Inc.*, 684 F. Supp. 2d 394, 405 (S.D.N.Y. 2010)); *Gertskis*, 2013 WL 1148924, at *8 (allegations about "similarly situated white aged former coworkers" were too conclusory and insufficient to state a claim for age or race discrimination).

individual's age." 29 U.S.C. § 623(a)(1).  As with Title VII claims, ADEA discrimination claims are subject to the three-step burden-shifting analysis in *McDonnell-Douglass*.  *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (*McDonnell-Douglas* framework applies to the ADEA).  A *prima facie* case of age discrimination requires a plaintiff to prove that "(1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination."  *Liebowitz v. Cornell Univ.*, 584 F.3d 487, 498 n.1 (2d Cir. 2009).  In the context of a claim of age discrimination, a plaintiff must demonstrate that her age was the "but-for" cause of the employer's adverse action, and not merely a motivating factor.  *Scalercio-Isenberg*, 2020 WL 4547317, at *2 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

   The plaintiff has not made any allegations about her age—except that she was denied a promotion because she is "an African American female and over the age of forty (40)" and that a "younger" co-worker, knowing the plaintiff's age, told her that he was not there to "babysit" her.  (ECF No. 27-1 at 4, 9.)  The first claim about the promotion is insufficient; the plaintiff does not plausibly allege that her age was the "but for" cause of the decision not to promote her.  *Gross*, 557 U.S. at 177; *see, e.g.*, *Scalercio-Isenberg*, 2020 WL 4547317, at *3 (dismissing age discrimination claim where the plaintiff did not satisfy *Gross*'s "but-for" test, instead relying on "conclusory and speculative allegations" of age discrimination).  The plaintiff's conclusory assertion that she was denied a promotion because of her age is precisely the kind of "false syllogism" that does not support a Title VII discrimination claim.  *See Ochei v. The Mary Manning Walsh Nursing Home Co.*, No. 10-CV-2548, 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011) (plaintiff does not state discrimination claim where she alleges "I am (fill in the protected

class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)").

As for the isolated remark by the co-worker, although it may have offended the plaintiff, it is insufficient to support an inference of discrimination. The plaintiff does not allege that the remark, or the co-worker who made it, had any connection to the adverse actions that the defendant allegedly took. *See Adam v. Glen Cove Sch.*, No. 06-CV-1200, 2008 WL 508689, at *8 (E.D.N.Y. Feb. 21, 2008) ("[S]tray remarks by [] non-decisionmakers are insufficient, without other evidence, to raise an inference of discrimination.") (collecting cases).

## IV. Retaliation

A plaintiff claiming retaliation under Title VII or the ADEA must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 316 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)); *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 723 (E.D.N.Y. 2015) (same standards apply in Title VII and ADEA retaliation claims).

As with other claims analyzed under the *McDonnell Douglas* framework, a plaintiff at the motion to dismiss stage need only give "plausible support to the reduced *prima facie* requirements." *Littlejohn*, 795 F.3d at 316; *Ingrassia*, 130 F. Supp. 3d at 723 ("As with Plaintiff's Title VII retaliation claim, Plaintiff's ADEA retaliation claim may survive a motion to dismiss without establishing a *prima facie* case." (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007))). To satisfy her minimal burden, the plaintiff must plausibly allege: (1) the defendant took an adverse employment action against her, (2) "because" she opposed an unlawful discriminatory practice. *Vega*, 801 F.3d at 90.

A plaintiff is not required to allege that she opposed conduct that actually violated the law. Allegations that she "possessed a good faith, reasonable belief that the underlying employment practice was unlawful under the statute" are enough. *Summa v. Hofstra Univ.*, 708 F.3d 115, 126 (2d Cir. 2013) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)). Protected activities include "the filing of formal charges" and "informal protests of discriminatory employment practices." *Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x 647, 650 (2d Cir. 2011) (citation omitted).

The defendant contends that the plaintiff does not plead that she participated in a protected activity. (ECF No. 18-6.) But the plaintiff filed a complaint with the NYSDHR and EEOC in August of 2019 alleging discrimination based on her age, race and conviction record (ECF No. 18-2), which constitutes protected activity. *See, e.g.*, *St. Louis v. N.Y.C. Health and Hosp. Corp.*, 682 F. Supp. 2d 216, 235 (E.D.N.Y. 2010) ("NYSDHR filing constituted 'protected activity[.]'"); *Bacchus v. N.Y.C. Dep't of Educ.*, 137 F. Supp. 3d 214, 242 (E.D.N.Y. 2015) (same).[9] The plaintiff also plausibly alleges an adverse employment action—that she was fired about a month after she filed the charge of discrimination with the EEOC and NYSDHR.[10]

---

[9] The plaintiff also alleges she complained about a co-worker, but she reported him for "refus[ing] to give [her] direction from the PCR to travel to a patient who needed help." (ECF No. 1 at 5.) These allegations do not plausibly establish that she engaged in a protected activity by opposing discrimination. *See Kamrowski v. Morrison Mgmt. Specialist*, No. 05-CV-9234, 2010 WL 3932354, at *20 (S.D.N.Y. Sept. 29, 2010) (reporting mismanagement of co-workers unrelated to discrimination is not protected activity); *Brummell v. Webster Cent. Sch. Dist.*, No. 06-CV-6437, 2009 WL 232789, at *5 (W.D.N.Y. Jan. 29, 2009) ("[G]eneral complaints about employment concerns do not constitute protected activity."). Because the complaint cannot form the basis for a retaliation claim, her claim that the defendant cut her hours and "sent [her] home [for] 1 week without pay" in retaliation for complaining about the co-worker must be dismissed.

[10] It is not clear whether the plaintiff quit or was fired, but at this early stage of the litigation, her allegations are sufficient.

(ECF No. 27 at 1, 3); *Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 572 (S.D.N.Y. 2010) ("Termination is an obvious form of adverse employment action.") (collecting cases).[11]

The next question is whether the plaintiff has adequately alleged a causal connection between her NYSDHR filing and her termination. "A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action." *Smith v. Cty. of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (citing *Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004)). Absent specific facts on causation, the Court "may infer that causation has been pled based on temporal proximity." *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 518 (E.D.N.Y. 2019). The time period between the protected activity and the adverse action must be "very close" to support a retaliation claim. *Id.* at 519 (citations omitted).

The plaintiff filed her NYSDHR complaint on August 16, 2019, and was fired in September 2019. Recognizing that it is appropriate to take a "'generous view of retaliatory acts at the motion to dismiss stage," *Ingrassia*, 130 F. Supp. 3d at 723-24 (citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 17 (2d Cir. 2013)), and drawing all reasonable inferences in the plaintiff's favor, I conclude that she has adequately alleged causation based on temporal proximity. *See Vega*, 801 F.3d at 91 (finding that the but-for

---

[11] The other adverse employment actions that the plaintiff alleges are insufficient. In the retaliation context, an adverse employment action is one that a reasonable employee would find materially adverse, meaning it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Vega*, 801 F.3d at 90 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). The plaintiff alleges that the defendant retaliated against her by assigning her medical billing work with a salary of $15 per hour—which she claims was comparatively low (ECF No. 27 at 3, 6)—but she does not say whether the assignment happened before or after she filed the NYSDHR complaint on August 16, 2019. Thus, there is no basis to conclude that this action was causally related to the filing of the discrimination charge. Furthermore, the claims that she was "treated differently" and suffered "intolerable work conditions in retaliation for filing charges" (*id.* at 3, 6) are too vague and do not plead sufficient facts to allege a materially adverse action.

15

causation requirement was met where there was a temporal proximity of two and three months between the adverse actions and the protected activity); *Cunningham v. Consol. Edison Inc.*, No. 03-CV-3522, 2006 WL 842914, at *15 (E.D.N.Y. Mar. 28, 2006) ("[A] passage of two months between the protected activity and the adverse employment action seems to be the dividing line."). Although it is "possible that the evidence will demonstrate that [the defendant] had legitimate nondiscriminatory and non-retaliatory reasons for [its] actions," "that is an issue to be decided on summary judgment, not at the motion to dismiss stage." *Reynoso v. All Foods, Inc.*, 908 F. Supp. 2d 330, 343 (E.D.N.Y. 2012) (quoting *Robinson v. Gucci Am.*, No. 11-CV-3742, 2012 WL 259409, at *6 (S.D.N.Y. Jan. 27, 2012)).

Accordingly, the plaintiff sufficiently alleges a retaliation claim based on the filing of her NYSDHR complaint and her subsequent termination.

### V.     EPA Claim

The EPA prohibits employers from "discriminating among employees on the basis of sex by paying higher wages to employees of the opposite sex for 'equal work.'" *Chepak v. Metro. Hosp.*, 555 F. App'x 74, 76 (2d Cir. 2014) (quoting *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999) and 29 U.S.C. § 206(d)) (summary order). To establish an EPA claim, a plaintiff must make an initial showing that "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort and responsibility; and (3) the jobs are performed under similar working conditions." *Id.* (quoting *Belfi*, 191 F.3d at 135).

"At the pleading stage . . . a plausible EPA claim must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job content was 'substantially equal.'" *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 256 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Substantial similarity is not based on mere "overlap in

titles or classifications." *Id.* at 255. Instead, a female employee's "actual job content" must be substantially equal to her male comparators. *Id.*

The plaintiff alleges the defendant paid her $15 per hour as a medical biller, and then asserts in conclusory fashion that this rate was less than other employees doing "the same job," and that the defendant paid her "less" than "male caucasions/white coworkers." (ECF No. 1 at 4; ECF No. 27-1 at 4, 9.) She also alleges that she was "paid less and given less hours than male co-worker Joshua Porrass" for "identical work" under "identical conditions." (*Id.* at 4.) Although she identifies a male employee who she claims was paid more, her allegations of "identical work under identical conditions" and "the same job" are conclusory and without more do not show that the plaintiff and other male employees, including Mr. Porrass, performed "substantially equal" work. *See Port Auth. of N.Y. & N.J.*, 768 F.3d at 256-57 (affirming dismissal of EPA claim for failure to state a claim, where plaintiff alleged that employer "paid its female [employees] less than its male [employees] 'for substantially equal work,' that these [employees] had 'the same job code,' and that the disparity in pay 'cannot be attributed to factors other than sex'"); *Adams v. Northstar Location Servs., LLC*, No. 09-CV-1063, 2010 WL 3911415, at *6 (W.D.N.Y. Oct. 5, 2010) (dismissing EPA claim where the plaintiff did "not describe her job responsibilities in comparison to the job responsibilities of the male recruiter").

Although a plaintiff is not required to establish an EPA violation conclusively, she must still plausibly allege "sufficient factual matter" to "provide 'fair notice [to the defendant] of the basis for [the plaintiff's] claims.'" *See Port Auth. of N.Y. & N.J.*, 768 F.3d at 256 (quoting *Iqbal*, 556 U.S. at 678 and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). The plaintiff's allegations are insufficient because they are a "bald recitation of the elements of an EPA claim."

*Id*. at 256.  Because the plaintiff does not plead sufficient facts to allege an EPA violation, the claim is dismissed.

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted in part and denied in part. The Court dismisses the ADA claim as administratively unexhausted, the Title VII and ADEA discrimination claim for failure to state a claim, and the EPA claim for failure to state a claim. The plaintiff's retaliation claims may proceed.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      September 30, 2022

18